COURT OF APPEALS

DECISION

DATED AND FILED

November 6, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP617-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2023CM1498

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

PLAINTIFF-APPELLANT,

V.

CARTER A. NELSON,

DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Waukesha County: PAUL BUGENHAGEN, JR., Judge and DENNIS P. MORONEY, Reserve Judge. *Reversed and cause remanded.*

¶1 LAZAR, J.[1] The State appeals from an order of the circuit court granting Carter A. Nelson's motion to suppress evidence found in a warrantless

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

search of his vehicle, which Nelson left illegally parked in a lane of traffic. This court concludes that even if the search constituted a violation of Carter's Fourth Amendment[2] rights to be free of unreasonable searches and seizures, the order must be reversed because the evidence would have inevitably been discovered in a standard inventory search pursuant to lawful towing of the vehicle. The order is therefore reversed and cause remanded for further proceedings.

¶2     The following facts are not disputed. At approximately 11:35 p.m. on June 20, 2023, Officer Jack Goritz was on patrol and traveling east on National Avenue in New Berlin. He noticed a car traveling in the opposite direction swerve to avoid something in the road. Goritz turned around to investigate and discovered an unoccupied vehicle stopped at an angle in the right-hand lane of traffic.[3] He pulled up behind the vehicle, activated his emergency lights and spotlight, and walked up to the vehicle to investigate further. Looking through the front passenger window, he noticed rifle rounds scattered around the vehicle and in the center console, which caused him to be concerned about a possible ambush and prompted him to call for back-up. Goritz noted that the vehicle was cold to the touch, which indicated to him that it had been there for some time. After another officer arrived on the scene, he and Goritz opened the unlocked vehicle and conducted a search. They found a vial of cocaine under an identification card in a cup holder in the center console.

---

[2] U.S. CONST. amend. IV; *see also* WIS. CONST. art. 1, § 11.

[3] There is no shoulder on this stretch of National Avenue, which has two lanes in each direction.

¶3      While he was waiting for backup, Goritz had determined that the vehicle was registered to Nelson.  He asked other officers to check nearby gas stations for Nelson to no avail.  He was not successful in his attempts to contact Nelson, and Nelson did not arrive on the scene for as long as Goritz was there.  Eventually, Goritz had the car towed.

¶4      Two days later, the police spoke with Nelson on the phone.  Nelson said that he had run out of gas on the night of June 20 and inquired where he could retrieve his vehicle.  The police gave him the relevant tow company information and asked that he come to the police station to retrieve the property that was removed from the vehicle before it was towed.  Nelson agreed to do so, and, after admitting that he was alone in the vehicle on the night in question and that the cocaine found in the vehicle was his, he was charged with possession of cocaine contrary to WIS. STAT. § 961.41(3g)(c).

¶5      Nelson filed a motion to suppress evidence, arguing that the police lacked probable cause to conduct the warrantless search of his vehicle described above and that the plain view exception did not apply because Goritz did not view anything incriminating before searching the vehicle.  *See **Horton v. California***, 496 U.S. 128, 136-37 (1990) (holding that the plain view exception to the warrant requirement requires that seized evidence be in plain view and immediately identifiable as incriminating).  At a hearing on this motion (and a hearing on the State's subsequent motion for reconsideration), the State argued that the search did not violate the Fourth Amendment because Nelson did not have a reasonable expectation of privacy in his abandoned vehicle, that the inevitable discovery doctrine applied because the evidence would have been found in a lawful inventory search when the vehicle was towed, and that the search was lawful because it was conducted by police acting as community caretakers.

3

¶6      The circuit court agreed with Nelson that the plain view doctrine was inapplicable because "it was impossible to see that vial [of cocaine]" through the windows of Nelson's vehicle "under the circumstances of its being under the license and … next to the side of the cup [holder]."[4]  The court then rejected the State's arguments that the evidence was nevertheless admissible.  It suggested that Goritz "could have moved [Nelson's vehicle] out of the way [as a] community caretaker" or "have it towed off the road" because "it did go out into the roadway a bit," and stated that had Goritz done that and then "inventor[ied] it at the station" rather than before he had the car towed, "there would be no problem with this." However, because Goritz conducted the search prior to towing, "he kind of back-doored the discovery issue in this case when he could have done it properly and gone through the front door with the … inventory search" and thus, in the court's view, failed to meet the elements of the inevitable discovery doctrine.  The State appeals.[5]

¶7      We review a circuit court's decision on a motion to suppress evidence under the Fourth Amendment in two steps.  **State v. Moeser**, 2022 WI 76, ¶13, 405 Wis. 2d 1, 982 N.W.2d 45, *cert. denied*, 143 S. Ct. 2612 (2023). First, we "uphold a circuit court's findings of historic fact unless they are clearly erroneous."    **Id.** (citation omitted).    Second, we "independently apply constitutional principles to those facts." **Id.** (citation omitted).

---

[4] The circuit court found incredible Goritz's testimony that "as [he] approached the vehicle, that's when [he] observed the ammunition and the vial of cocaine."

[5] The State has failed to file a Reply in this appeal.  An appellant may be deemed to have conceded its arguments by failing to reply, **Apple Hill Farms Development, LLP v. Price**, 2012 WI App 69, ¶¶14-15, 19, 342 Wis. 2d 162, 816 N.W.2d 914, but this court has nevertheless addressed the matter on the merits.

¶8      Because there is no argument from the State that any of the facts found by the circuit court were clearly erroneous, this court begins with a discussion of the relevant constitutional principles.  "The Fourth Amendment of the United States Constitution and Article I, Section 11 of the Wisconsin Constitution protect people from unreasonable searches and seizures."  *State v. Young*, 2006 WI 98, ¶18, 294 Wis. 2d 1, 717 N.W.2d 729 (footnotes omitted).  "A warrantless search is presumptively unreasonable" and will be deemed constitutional "only if it falls under an exception to the warrant requirement."  *State v. Tullberg*, 2014 WI 134, ¶30, 359 Wis. 2d 421, 857 N.W.2d 120.  The standard remedy for an unreasonable (and thus unconstitutional) search is application of the exclusionary rule to suppress the evidence obtained in that search, thereby deterring future police misconduct.  *See State v. Jackson*, 2016 WI 56, ¶46, 369 Wis. 2d 673, 882 N.W.2d 422.

¶9      In *Nix v. Williams*, 467 U.S. 431 (1984), the United States Supreme Court held that the inevitable discovery doctrine is an exception to the exclusionary rule.  Under this doctrine, "[i]f the prosecution can establish by a preponderance of the evidence that the information ultimately or inevitably would have been discovered by lawful means … then the deterrence rationale [for the exclusionary rule] has so little basis that the evidence should be received."  *Id.* at 444.  Our state supreme court has also approved the inevitable discovery doctrine and has made clear that proof of neither active pursuit of an alternative line of investigation at the time of the constitutional violation nor the lack of bad faith on the part of the officers who committed the constitutional violation is required for its application.  *Jackson*, 369 Wis. 2d 673, ¶¶65, 67.

¶10      An inventory search of a vehicle being taken into police custody is "a well-defined exception to the warrant requirement."  *Colorado v. Bertine*, 479

5

U.S. 367, 371 (1987); *State v. Clark*, 2003 WI App 121, ¶11, 265 Wis. 2d 557, 666 N.W.2d 112. Probable cause is not necessary to justify such an inventory search; inventory searches "serve to protect an owner's property while it is in the custody of the police, to insure against claims of lost, stolen, or vandalized property, and to guard the police from danger." *Bertine*, 479 U.S. at 371-72. Of course, an inventory search is still a search, so it must be evaluated for reasonableness under the Fourth Amendment. *Clark*, 265 Wis. 2d 557, ¶11. Both the seizure of a vehicle in the first place and the search procedure itself must be reasonable in order for the inventory search to be constitutional. *Id.*

¶11 Nelson does not argue that the police acted improperly by towing his vehicle out of the lane of traffic in which it was left—nor could he, given Goritz's uncontroverted testimony that the vehicle caused others to have to swerve to avoid it and that it was illegally left at what the circuit court characterized as a "cockamamy angle on the side of a roadway where there's no parking allowed." Indeed, "[t]he authority of police to seize and remove from the streets vehicles impeding traffic or threatening public safety and convenience is beyond challenge." *South Dakota v. Opperman*, 428 U.S. 364, 369 (1976).

¶12 Moving on to the requirement that the inventory search procedure itself must be reasonable, *see Clark*, 265 Wis. 2d 557, ¶11, Goritz's testimony established that the police department's standard operating policy is to conduct an inventory search upon towing a vehicle for safekeeping of the property in the vehicle. "The United States Supreme Court has held that inventory searches pursuant to 'Standard police procedures' are reasonable and permissible." *Thompson v. State*, 83 Wis. 2d 134, 139-40, 265 N.W.2d 467 (1978). Nelson points out that the State did not admit New Berlin's standard operating procedure for inventory searches into evidence, but "there is no rule of law that the policy or

procedure governing the inventory search must be in writing." *See State v. Weide*, 155 Wis. 2d 537, 549, 455 N.W.2d 899 (1990). Nor is there any question that the cocaine in Nelson's cup holder would have been found in such a search; Goritz unequivocally testified that if he had not conducted the search of the vehicle before having it towed, the cocaine would have been found "regardless" in a later inventory search.

¶13 While conceding that our supreme court's holding in *Jackson* makes clear that indicia of inevitability such as the active pursuit of an alternate line of investigation are not required elements for the applicability of the inevitable discovery doctrine, Nelson attempts to distinguish the case of *State v. Kennedy*, 134 Wis. 2d 308, 396 N.W.2d 765 (Ct. App. 1986), on the grounds that "here the police misconduct was flagrant and brazen, rather than in good faith."[6] But the *Jackson* court explicitly rejected the argument that the doctrine requires proof of the absence of bad faith, and applied it—albeit with some concern—in a case where there were "flagrant" and "reprehensible" violations of the defendant's rights. *Jackson*, 369 Wis. 2d 673, ¶¶69-70. As that opinion states, the inevitable discovery doctrine is a "narrow exception to the exclusionary rule"—but in cases such as this, where the State has met its burden to prove by a preponderance of the evidence that the contraband at issue would have been discovered lawfully, exclusion would be purely punitive and inappropriate. *See id.*, ¶¶70-72.

---

[6] In *Kennedy*, this court held that the inevitable discovery doctrine applied to evidence found in the back of a vehicle pursuant to an invalid warrant because the evidence would have inevitably been discovered in a routine inventory search after the vehicle was impounded. *State v. Kennedy*, 134 Wis. 2d 308, 318, 396 N.W.2d 765 (Ct. App. 1986).

¶14 Assuming without deciding that the officers in this case engaged in misconduct when they searched Nelson's vehicle before having it towed, it is clear that the inevitable discovery doctrine applies here nonetheless. When the officers were unable to communicate with or locate Nelson, his vehicle was lawfully towed from where it was left in a lane of traffic, and it would have lawfully been subject to a standard inventory search that would have inevitably resulted in the discovery of the cocaine in Nelson's cup holder had the officers not searched the vehicle before it was towed away. Therefore, the decision of the circuit court granting Nelson's motion to suppress must be reversed and this matter remanded for further proceedings consistent with this opinion.

*By the Court.*—Order reversed and cause remanded.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.